## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD DARGBEH,

*Plaintiff,*

v.

QBE SPECIALTY INSURANCE CO., et al.,

*Defendants.*

CIVIL ACTION
NO. 19-05706

**PAPPERT, J.**                                      **February 26, 2020**

### MEMORANDUM

Edward Dargbeh sued QBE Insurance Corporation and Armour Risk Management, Inc. in the Philadelphia County Court of Common Pleas for breach of contract and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201-1 *et seq.* Defendants removed to this Court based on diversity jurisdiction, arguing that nondiverse defendant Armour was fraudulently joined and that QBE Insurance Corporation had been replaced by diverse defendant QBE Specialty Insurance Company. Dargbeh now moves to remand the case to state court. For the following reasons, the Court grants the Motion to Remand.

I

In 2013, Kevin Butler, the sole proprietor of Butler's Home Improvement, Inc., allegedly contracted with QBE Insurance Corporation for a general liability insurance policy. (Compl. ¶¶ 1–3, ECF No. 1.) The policy purportedly covered claims of subpar workmanship, including damages resulting from any inadequate performance. (*Id.* ¶ 5.)

In 2014, Butler entered into several contracts with Dargbeh for construction projects on Dargbeh's home in West Philadelphia. (*Id.* ¶ 8.) Dissatisfied with the work, Dargbeh sued Butler, who expected his QBE policy to defend, and if necessary, indemnify him. (*Id.* ¶¶ 9–10.) QBE, however, denied the insurance claims, (*id.* ¶ 11), and Butler could not afford to pay the state court judgment later entered in Dargbeh's favor. *See* (*id.* ¶ 18). Butler subsequently filed for chapter 13 bankruptcy. *See* (*id.* ¶ 21). As part of that proceeding, Butler assigned to Dargbeh "all assignable rights, claims proceeds stemming, damages of any sort due from, [or] related to, his QBE policy." (*Id.* ¶ 26–27.)

On October 30, 2019, Dargbeh filed a complaint in the Philadelphia County Court of Common Pleas against QBE Insurance Corporation[1] and Armour for breach of contract and violation of the UTPCPL. *See generally* (Compl.). After Dargbeh filed his Complaint, the parties stipulated to the fact that QBE Specialty Insurance Company—not QBE Insurance Corporation—issued the insurance policy. *See* (Stipulation, Ex. A, ECF No. 1, at 85, 87.) The parties further stipulated and agreed to amend the case caption to reflect the parties as "Edward K. Dargbeh Jr. v. QBE Specialty Insurance Company and Armour Risk Management, Inc." (*Id.* at 87.) Of these remaining parties, Dargbeh is a citizen of Pennsylvania, (Compl. ¶ 7), as is Armour, whose state of incorporation is Pennsylvania.[2] (Not. of Removal ¶ 6.) QBE Specialty Insurance

---

[1]     Dargbeh initially sued "QBE Insurance Corporation, d/b/a QBE North America, a/k/a QBE Specialty Insurance Company." (Compl., ECF No. 1, Ex. A).

[2]     The Notice of Removal does not specify the state where Armour maintains its principal place of business. For purposes of diversity jurisdiction, a corporation like Armour is a citizen of the state where it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see Hertz Corp. v. Friend*, 559 U.S. 77 (2010).

Company, however, is a citizen of North Dakota (state of incorporation) and New York (principal place of business). (Not. of Removal ¶ 5; Declaration of Konrad Krebs, Ex. B, ECF No. 1.)

On December 2, 2019, Defendants removed the case to this Court on the basis of diversity jurisdiction.[3] (Not. of Removal ¶ 3.) Defendants acknowledge the lack of diversity between Dargbeh and Armour, but they argue that Armour was fraudulently joined such that its citizenship should not be considered for the diversity jurisdiction analysis. *See* (Not. of Removal ¶ 6.) Dargbeh subsequently filed a Motion to Remand, in which he contends that Armour was not fraudulently joined and asks the Court to rule that QBE Insurance Corporation remains as a nondiverse defendant in the case.[4] *See generally* (Pl.'s Mot. to Remand, ECF No. 7). Defendants filed a Response (ECF No. 10), Dargbeh filed a Reply (ECF No. 11), and Defendants filed a Sur-Reply. (ECF No. 14.)

## II

A civil defendant in state court may remove a case to federal court as long as the federal court would have original jurisdiction over the case. *See* 28 U.S.C. § 1441(a). "The removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

---

[3] Defendants' Notice of Removal complied with 28 U.S.C. § 1446(a), as it contained a "copy of all process, pleadings, and orders served upon defendant[s]." *See* (Notice of Removal, ECF No. 1; Defs.' Sur-Reply, Ex. A, ECF No. 14).

[4] QBE Insurance Corporation is a citizen of Pennsylvania (state of incorporation) and New York (principal place of business). *See* (Mot. to Remand, Ex. A, ECF No. 7-1).

A federal court has diversity jurisdiction where there is complete diversity—*i.e.*, no plaintiff is a citizen of the same state as any of the defendants—and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The doctrine of fraudulent joinder— an exception to the complete diversity requirement—allows a defendant to remove an action to federal court if a nondiverse defendant was fraudulently joined solely to defeat diversity jurisdiction. *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009). Joinder is fraudulent only if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant." *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006) (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)). If the court determines that the joinder was fraudulent, then "the court can 'disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Briscoe*, 448 F.3d at 216 (citing *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). If the court determines, however, that joinder was not fraudulent, then the court lacks subject matter jurisdiction and must remand to state court. *See* 28 U.S.C. § 1447(c).

The removing party arguing that the plaintiff has fraudulently joined a party to destroy complete diversity has a "heavy burden of persuasion." *Steel Valley Auth.*, 809 F.2d at 1012 n.6. In conducting its analysis, the district court must consider the complaint at the time the notice of removal was filed and accept all factual allegations in the complaint as true. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851–52 (3d Cir. 1992). Examination of the plaintiff's claims on a motion to remand is less probing than

on a motion to dismiss. *Id.* at 852. Thus, even though a party may not be fraudulently joined, the claims against that party may ultimately be dismissed on a Rule 12(b)(6) motion. *Id.* Indeed, the fraudulent joinder analysis requires the court to ask only whether the claims are "wholly insubstantial and frivolous," and "all doubts should be resolved in favor of remand." *Id.* at 851–52.

III

Dargbeh's Complaint alleges that Armour breached the QBE insurance policy and violated the UTPCPL. *See generally* (Compl.). Defendants, in their Notice of Removal, contend that Armour was fraudulently joined because "Dargbeh presents no viable claims" against it. (Notice of Removal ¶ 6.)

To establish a breach of contract claim, a plaintiff must show (1) the existence of a contract, including its essential terms, (2) a breach of duty imposed by the contract, and (3) resultant damages. *J.F. Walker Co., Inc. v. Excalibur Oil Grp., Inc.*, 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002). In Pennsylvania, it is a fundamental contract principle that "one cannot be liable for a breach of contract unless one is a party to that contract." *Electron Energy Corp. v. Short*, 597 A.2d 175, 177 (Pa. Super. Ct. 1991). Dargbeh concedes that Armour is not a party to the QBE insurance policy. *See* (Pl.'s Mot. to Remand ¶¶ 23–25.) He maintains, however, "per information and belief based on correspondence with the adjustor Garrett Sull[i]van," that Armour is contractually liable for the insurance policy as either an agent of, or successor in interest to, QBE. *See* (Compl. ¶ 4).

Dargbeh's breach of contract claim against Armour as an agent—*i.e.*, as QBE's insurance claims adjuster—fails to state a colorable claim under Pennsylvania law. *See*

5

*Reto v. Liberty Mut. Ins.*, 2018 WL 3752988, at *2 (E.D. Pa. Aug. 8, 2018) (holding that an insurance claims representative cannot be liable for a breach of contract claim absent contractual privity between the claims representative and the insured); *Hudock v. Donegal Mut. Ins. Co.*, 264 A.2d 668, 672 (Pa. 1970) ("The [claims] adjusters had a duty to their principals, the insurance companies . . . but this duty did not serve to create a contractual obligation between the adjusters and the [policyholder].").

Dargbeh, in the alternative, alleges that Armour is contractually liable as QBE's purported "successor in interest." (Compl. ¶ 4.) The general rule for successor liability "states that a firm that buys assets from another firm does not assume the liabilities of the seller merely by buying its assets." *Berg Chilling Sys., Inc. v. Hull Corp.*, 435 F.3d 455, 464 (3d Cir. 2006) (citing *Luxline P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69 (3d Cir. 1993)). Successor liability, however, may exist under any of the following six circumstances: (1) the purchaser expressly or impliedly agrees to assume those obligations; (2) the transaction is a *de facto* merger; (3) the purchaser is a mere continuation of the predecessor; (4) the transaction was fraudulently entered into to escape liability; (5) the transfer was made without adequate consideration; or (6) the successor undertakes the same manufacturing operations. *Cont'l Ins. Co. v. Schneider, Inc.*, 873 A.2d 1286, 1291 (Pa. 2005).

Although Dargbeh's Complaint pleads only minimal facts alleging that Armour is QBE's successor in interest, *see* (Compl. ¶ 4), the claim is not "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 851. Pennsylvania courts have concluded that successors in interest may be contractually liable in limited situations, and fraudulent joinder is generally "reserved for situations where recovery from the nondiverse

defendant is a clear legal impossibility." *Salley v. AMERCO*, 2013 WL 3557014, at *3 (E.D. Pa. July 15, 2013). Although Dargbeh's successor liability breach of contract claim may be weak, and it may well fail to survive a motion to dismiss, Defendants have not met the "heavy burden" of establishing fraudulent joinder. *Batoff*, 448 F.3d at 218. Nor have the Defendants met the heavy burden of showing that Dargbeh has "no real intention in good faith to prosecute the action against the [Armour]." *In re Briscoe*, 448 F.3d at 216. Indeed, Defendants have made no argument to that effect.[5]

## IV

An order granting a motion to remand "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C § 1447(c). Such an award is therefore within the court's discretion. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996). Dargbeh argues that he should be awarded "costs because Defendants were offered but refused to voluntarily remand" the case. (Pl.'s Mot. to Remand ¶ 42.) The Court exercises its discretion to not award Dargbeh costs and fees and finds that remanding the case is a sufficient remedy. An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[5]    Because Defendants fail to meet their burden of establishing fraudulent joinder with respect to Dargbeh's breach of contract claim against Armour, the Court need not address the Pennsylvania UTPCPL claims. The Court also need not resolve the dispute regarding which QBE entity—QBE Insurance Corporation and/or QBE Specialty Insurance Company—is the proper defendant.